UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-302-KSF

TRADITIONAL BANK, INC. *et al.*                                                     PLAINTIFF

v.                                         **OPINION & ORDER**

SUPERIOR PERFORMERS, INC.                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the cross motions of parties for summary judgment. The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiffs' motion and will deny the defendant's motion in part and will grant it in part.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, Traditional Bank, Inc. ("Traditional Bank"), a Kentucky corporation, filed this action in Fayette Circuit Court on August 15, 2007, alleging violation of KRS 286.2-685 and seeking injunctive relief, payment of a civil penalty and punitive damages. The defendant, Superior Performers, Inc. ("SPI"), a Virginia corporation registered to do business in Kentucky, removed the action to this court based on diversity jurisdiction. Subsequently, Cecilian Bank ("Cecilian Bank"), intervened in the action.

Traditional Bank and Cecilian allege that SPI sent mailers to their customers, including Sandra Hall and Douglas Powell, soliciting the purchase of mortgage protection insurance, in violation of KRS 286.2-685, which provides:

> [N]o person that is not a financial institution may use the trade name, trademark, service mark, logo, or symbol, or any combination thereof, of any financial institution, or any trade name, trademark, service mark, logo, or symbol, or any combination thereof, that is similar to the trade name, trademark, service mark, logo,

> or symbol of such a financial institution, in any marketing material, solicitation, or advertising provided or directed to another person in a manner such that a reasonable person may be confused, mistaken, or deceived that the marketing material, solicitation, or advertising originated from, is endorsed by, or has been consented to by the financial institution.

Ky. Rev. Stat. § 286.2-685(2). All parties seem to agree that Traditional Bank and Cecilian Bank are "financial institutions" within the meaning of KRS 286.2-685. SPI claims that it is a "marketing business, providing leads to insurance agents that provide mortgage protection insurance" and does not qualify as a financial institution. The dispute centers on whether the mailers used the plaintiffs' trade names or something similar to their trade names and whether the mailers were such that a reasonable person may be confused, mistaken or deceived that they originated from, were endorsed by or were consented to by the plaintiffs.

## II.     LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (citations omitted).

### III.    ANALYSIS

First, SPI argues that the court should grant summary judgment because KRS 286.2-685 was not in effect at the time the mailer was sent to Sandra Hall. To support this argument, SPI points to the date on the letter to Ms. Hall labeled "Record Date." The "Record Date" on the letter to Ms. Hall is listed as April 3, 2006. The applicable statute became effective July 12, 2006. SPI argues that summary judgment is appropriate because the plaintiffs offer only the letter to Ms. Hall as proof of the mailers. The plaintiffs argue that the date on the letter refers to the recording date of the recipient's mortgage, not the date the letter was mailed to or received by Ms. Hall. Further, the plaintiffs argue that the letter to Ms. Hall is only an example of what was sent to its customers. Since neither party presents conclusive evidence sufficient to support summary judgment on these grounds and all inferences must be drawn in favor of the non-moving party, the court will deny SPI's request for summary judgment.

Second, SPI argues that the plaintiffs' complaints allege a violation of KRS 286.2-685 based

3

only on the use of their trade names and that since SPI did not use the plaintiffs' registered assumed names in the mailers, summary judgment should be granted in SPI's favor. The court finds this argument unconvincing. In the mailers, SPI listed "Traditional Bank" and "Cecilian Bk" instead of the plaintiffs' registered names of "Traditional Bank, Inc." and "Cecilian Bank." KRS 286.2-685 provides for recovery for unauthorized use of a trade name or something similar to the trade name. The plaintiffs' complaints sufficiently allege such a claim and the court will deny SPI's request for summary judgment.

Third, SPI argues that the disclaimers contained in the mailers absolves it of any liability under KRS 286.2-685. The statute, however, does not contain a savings clause for use of a disclaimer; rather, the statute prohibits use of a financial institution's trade name, trademark, service mark, logo or symbol when a "reasonable person may be confused, mistaken, or deceived that the marketing material, solicitation, or advertising originated from, is endorsed by, or has been consented to by the financial institution." Ky. Rev. Stat. § 286.2-685. SPI has not shown that there is an absence of evidence to support the plaintiffs' claims under the statute. It is conceivable that a reasonable person could be confused, mistaken or deceived by the mailer despite the disclaimer. Further, the plaintiffs have offered evidence of an individual, Ms. Hall, who states she was confused by the mailer and thought that it was at least endorsed by Traditional Bank. Since the question of whether the disclaimer is sufficient to prevent a reasonable person from being confused, mistaken or deceived by SPI's mailer is a genuine issue of material fact, summary judgment is inappropriate.

Likewise, the plaintiffs' request for summary judgment on this issue must be denied because they have failed to show that there is an absence of evidence to support SPI's defense regarding the disclaimer. The plaintiffs are not entitled to judgment in their favor simply because Sandra Hall

4

states in her affidavit that she was confused by the mailer. Instead, Ms. Hall's affidavit is sufficient to create a genuine issue of material fact, not conclusively establish the fact.

Further, in its reply SPI argues that Cecilian Bank failed to present evidence that one of its customers was actually confused, mistaken or deceived by SPI's mailer. The statute protects against solicitations about which a reasonable person *may* be confused, mistaken or deceived. Thus, Cecilian Bank's reliance on a statement by a Traditional Bank customer that she *was* confused is sufficient to create a disputed fact as to whether a reasonable person may be confused, mistaken or deceived by an identical mailer sent to Cecilian Bank's customers.

Finally, SPI seeks summary judgment on the plaintiffs' claims for punitive damages. The plaintiffs seek punitive damages under the theory that SPI "should have known" that its actions violated Kentucky law. This court finds that even if SPI's actions violated under KRS 286.2-685, punitive damages are unavailable in this case and will grant summary judgment on this issue.

KRS 286.2-685 provides that:

> The financial institution whose trade name, trademark, service mark, logo, or symbol has been used in violation of the section may institute an action . . . to enjoin a continuance of any activity in violation of [the section] . . . and, if injured thereby, for the recovery of damages at three (3) times the amount of any actual damages sustained and for civil penalties in the amount of one thousand dollars ($1,000). It shall not be necessary that actual damages be alleged or proved in order to recover injunctive relief or civil penalties. The penalties prescribed by this subsection shall be cumulative.

Ky. Rev. Stat. § 286.2-685(4).

The provision for punitive damages in KRS 286.2-685 is limited to instances when there is an *injury* and the amount of damages is limited to three times the amount of *actual damages*. Since the plaintiffs do not allege injury resulting from SPI's violation of the statute and do not offer proof

5

of any injury or actual damages, the punitive provision is inapplicable. The plaintiffs, however, seem to argue that punitive damages are available beyond that specifically provided in KRS 286.2-685 pursuant to KRS 411.184 and/or KRS 411.186.

In applying Kentucky law, this court must follow decisions of the state's highest court when that court has addressed the relevant issue; if the issue has not been directly addressed, the court must anticipate how the state's highest court would rule in the case and is bound by the controlling decisions of that court. *Savedoff v. Access Groups, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008). Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently. The Kentucky Supreme Court has not ruled on whether KRS 411.184 and/or KRS 411.186 make additional punitive damages available under KRS 286.2-685. As a result, in determining whether punitive damages are available to the plaintiffs pursuant to these sections, the court must turn to other Kentucky law to anticipate what that court would do if faced with the issue.

In *Kentucky Department of Corrections v. McCullough*, 123 S.W.3d 130, 139 (Ky. 2004), the Kentucky Supreme Court noted that "[i]n enacting KRS 411.184 and KRS 411.186, the General Assembly intended to preempt the common law on punitive damages and occupy the field." There, the court found that punitive damages were not available because the statute in question, which was enacted after KRS 411.184 and KRS 411.186, did not specifically authorize punitive damages. Kentucky appellate courts have noted that "in determining whether punitive damages are authorized by a particular statute, Kentucky courts have applied a strict, literal interpretation of the relevant statutory language." *Jackson v. Tullar*, 2007 WL 1574567, *6 (Ky. App. June 1, 2007) (citing *McCullough*, 123 S.W.3d 130. Here, the statute specifically provides for recovery of punitive

damages in the amount of three times the actual damages. If the General Assembly wanted to make KRS 411.184 and KRS 411.186 applicable to KRS 286.2-685, it would have included specific language in the statute to that effect. This court finds that the Kentucky Supreme Court would hold that KRS 411.184 and KRS 411.186 do not make punitive damages available under KRS 286.2-685 beyond that specifically provided in the statute. Since the plaintiffs are not entitled to actual damages, the plaintiffs' recovery is limited to civil penalties and injunctive relief and the court will grant SPI's motion for summary judgment on this issue.

In their joint Motion for Summary Judgment, the plaintiffs incorporate by reference the arguments contained in their response to SPI's Motion for Summary Judgment. The plaintiffs have failed to show that no genuine issue of material fact exists so the court will deny the plaintiffs' Motion for Summary Judgment.

**IV.   CONCLUSION**

Accordingly, the Court being fully and sufficiently advised, hereby **ORDERS** that the Defendant's Motion for Summary Judgment [DE 25] is **DENIED IN PART** and **GRANTED IN PART**. The Plaintiffs' claim for punitive damages is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the Plaintiffs' Joint Motion for Summary Judgment [DE 31] is **DENIED**.

This 20th day of October, 2008.



**Signed By:**
*Karl S. Forester*   KSF
**United States Senior Judge**